# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

MICHAEL LYNN WATERS,

    Petitioner,

v.

B. CATES, WARDEN,

    Respondent.

Case No. 2:24-cv-10872-RGK (MBK)

**ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED**

## I. SUMMARY OF ORDER

On December 13, 2024, Petitioner filed his Petition for Writ of Habeas Corpus by a person in State Custody pursuant 28 U.S.C. § 2254 ("Petition"). (Dkt. 1.) Pursuant to the rules governing federal habeas actions, the Court conducted a preliminary review of Petitioner's habeas filing. Based on that review, Petitioner is ordered to show cause why this action should not be dismissed as untimely and successive under 28 U.S.C. § 2244.

## II. PROCEDURAL BACKGROUND

Petitioner is currently serving a life sentence in state prison based on his 1998 conviction of attempted murder with special findings that Petitioner personally used a firearm and personally inflicted great bodily harm in the commission of the offense. (Dkt. 1.) While the basis for the instant Petition is not entirely clear, it appears Petitioner alleges that: (1) he is actually innocent of the offense; and (2) he was improperly charged by information. (Dkt. 1 at 5-9.)

On January 23, 2025, District Judge Klausner dismissed the Petition without prejudice due to the Petitioner's failure to pay filing fees or request to proceed in forma pauperis. (Dkt. 5.) That same day, the clerk entered on the docket a filing by Petitioner—signed on January 19, 2025, and stamped filed on January 23, 2025—in which he referred to difficulties paying the $5 filing fee from his prison account. (Dkt. 6.) In response to Petitioner's filing, on January 29, 2025, Judge Klausner reopened the case and ordered Petitioner to pay the $5 filing fee within thirty days. (Dkt. 7.)

On February 3, 2025, Petitioner filed a document in which he requested reconsideration of the dismissal of his habeas petition or return of $350 he allegedly paid to the Court, and to file in the Ninth Circuit Court of Appeals. (Dkt. 8.) Judge Klausner subsequently referred the motion to the assigned Magistrate Judge. (Dkt. 9.) On February 5, 2025, the Court received a $5 payment from Petitioner. (Dkt. 10.)

Petitioner's payment appears to satisfy Judge Klausner's order requiring him to pay an initial filing fee of $5, (Dkt. 7), as well as resolve Petitioner's request for reconsideration of the dismissal of his habeas petition, (Dkt.8).

However, in the course of reviewing Petitioner's motion, the Court screened his habeas petition to determine whether it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915A. For the reasons that follow, the Court believes that the habeas petition is subject to dismissal because it is untimely and successive. The Court therefore will hold Petitioner's motion in abeyance and order Petitioner to show cause why the Magistrate Judge should not recommend that the Petition be dismissed.

### III. THE PETITION APPEARS TO BE BARRED

Congress has placed strict limits on state prisoners' ability to collaterally attack their convictions through federal habeas actions. Two of those limits are relevant here. First, prisoners can generally only seek federal habeas review if they file within one-year of completing state court review of their conviction. 28 U.S.C. § 2244(d)(1). Second, prisoners are generally barred from filing multiple, or "successive," habeas petitions, unless they receive permission from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).

The instant Petition implicates both of these limits. Petitioner has filed at least *six* previous habeas petitions and two petitions for writ of mandate in this Court dating back to 2003, all of them arising from Petitioner's 1998 conviction. *See Waters v. Veal*, CV 03-3853 FMC (AN), Dkt. 4, 5 (dismissed without prejudice as completely unexhausted); *Waters v. Veal*, CV 03-9423 FMC (AN), Dkt. 13, 16, 17 (dismissed with prejudice as untimely); *Waters v. Kirkland*, CV 06-6809 FMC (AN) Dkt. 3, 4 (dismissed as successive); *Waters v. Harel*, CV 07-2952 FMA (AN), Dkt. 3, 4 (summarily denied as successive); *Waters v. State Supreme Court of California*, CV 15-9705 RGK (AS) *Waters v. State of California, et al.*, CV

3

15-9705 RGK (AS), Dkt. 6 (writ of mandate dismissed as "legally and/or factually patently frivolous" and for lack of jurisdiction); *Waters v. State of California*, CV 16-1593 RGK (AS), Dkt. 24, 27, 28 (dismissed with prejudice as untimely); *Waters v. Sullivan*, CV 17-9282 RGK (AS), Dkt. 6 (summarily denied as successive); and *Waters v. Sullivan*, CV 19-7454 RGK (PVC), Dkt. 13 (petition for writ of mandate denied for lack of jurisdiction).

Petitioner has been unsuccessful in appealing the Court's adverse decisions to the Ninth Circuit and has continued filing petitions for writ of habeas corpus/writ of mandate in this Court, despite the Ninth Circuit denying him permission to do so. *See Waters v. Veal*, CV 03-9423 FMC (AN), Dkt. 23; *Waters v. Kirkland*, CV 06-6809 FMC, Dkt. 3 (citing *Waters v. Jacquez*, 9th Cir. Case No. 06-71734 (Order filed May 30, 2006)); *Waters v. Harel*, CV 07-2952 FMC (AN), Dkt. 13; *Waters v. State of California*, CV 16-1592 RGK (AS), Dkt. 10; and *Waters v. Sullivan*, CV 19-7454, Dkt. 21. This Court's 2020 dismissal order in *Waters v. Sullivan* warned Petitioner that "any future frivolous filings that ignore this Court's prior Orders may result in the imposition of sanctions, including a vexatious litigant declaration requiring Petitioner to obtain permission from the Court before any subsequent habeas action or petition for writ of mandate challenging his September 29, 1998, conviction and sentence will be accepted for filing." CV 19-7454, Dkt. 13 at 7.

Despite these prior decisions, it appears that Petitioner filed the instant Petition without obtaining permission from the Ninth Circuit and well after the one-year deadline.

### A. The Petition Appears to be Untimely

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), state prisoners have a one-year period within which they must

seek federal habeas review of their habeas claims. 28 U.S.C. § 2244(d)(1). The AEDPA limitations period is generally triggered when state court appellate review becomes final, or under other specific conditions set forth in the statute. 28 U.S.C. § 2244(d)(1)(A-D); *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011).

The limitations period is tolled when a prisoner properly files an application for state post-conviction review (statutory tolling) and during the period of time between such state habeas proceedings (gap tolling). 28 U.S.C. § 2244(d)(2). AEDPA's statutory limitations period may also be tolled for equitable reasons "in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To establish equitable tolling, a prisoner must prove that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstances caused the delay. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is "unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1007 (9th Cir. 1999). It requires a prisoner to clear "a very high bar, and is reserved for rare cases." *Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014).

Petitioner's AEDPA filing deadline expired many years ago. He has not alleged any statutory, gap, or equitable tolling of the statute of limitations to make his current action timely under federal law. The Petition is therefore subject to dismissal as untimely.

**B. The Petition Appears to Be Improperly Successive**

Under AEDPA, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. "Before a second or successive [habeas petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §

2244(b)(3)(A). A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition before the new petition may be filed in district court. *Id.*; *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (district court without jurisdiction to consider successive habeas action when prisoner "neither sought nor received authorization from the Court of Appeals before filing"). "If the petition is second or successive, then the district court lacks jurisdiction and must dismiss the petition unless and until the court of appeals grants an application to file it." *Brown v. Muniz*, 889 F.3d 661, 667, 676 (9th Cir. 2018) ("petitioner's burden is higher" under statute to bring successive habeas action). A dismissal of a habeas action "for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA," thereby requiring appellate court permission for the new filing. *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009).

As set forth above, this Court has denied or dismissed Petitioner's many previous petitions as untimely, successive, frivolous, or for lack of jurisdiction. The instant Petition therefore constitutes a "successive" habeas petition. While federal law permits a prisoner to raise actual innocence claims in successive habeas petitions in certain circumstances, 28 U.S.C. § 2244(b)(2), a petitioner is required to first obtain permission to raise such claims from the Court of Appeal. *Id.* § 2244(b)(3)(A). Because Petitioner's current habeas Petition is not accompanied by a statement of permission from the Ninth Circuit, it appears the Petition is subject to dismissal as improperly successive.

## IV. DISPOSITION

Based on the face of the current Petition, the Court could dismiss the action at this stage with no further proceedings. However, in the interest of

justice and to accommodate this *pro se* litigant, the Court will give Petitioner an opportunity to explain why his action should not be dismissed as (1) untimely and (b) an improper successive action under AEDPA.

**IT IS ORDERED** that Petitioner shall file a memorandum by or before **May 1, 2025**, not to exceed 5 pages, showing good cause why the case should not be dismissed.

Alternatively, should Petitioner determine that he does not want to proceed with this action, Petitioner may voluntarily dismiss this civil rights action without further consequence by filing a motion for dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).

Dated: 4/02/2025

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE